IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00271-BNB

JOSHUA GABRIEL CRUZ-VARVEL,

    Applicant,

v.

TED MINKS, Sheriff Jefferson County, and
JOHN SUTHER[S], The Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Joshua Gabriel Cruz-Varvel, was serving a sixty-day sentence in the Jefferson County Detention Facility at the time he initiated this action. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his misdemeanor convictions for two counts of driving without an operators license in Jefferson County Court Case Nos. 302011M11M183 and 02011T819. Mr. Cruz-Varvel has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    Mr. Cruz-Varvel asserts the following claims in his Application: (1) he is not a "person" subject to the laws and regulations of the State of Colorado; (2) the State of Colorado lacks jurisdiction over his vehicle because the vehicle was not registered in Colorado; and, (3) his guilty plea was not knowing and voluntary. Applicant states that he has not exhausted state remedies for his claims. *See* Application, at 2, 5. Because Mr. Cruz-Varvel is *pro se,* his pleadings are afforded a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

On March 26, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Cruz-Varvel to show cause, in writing and within thirty days, why the Application should not be denied without prejudice for Applicant's failure to exhaust state court remedies. The Order to Show Cause was returned to the Court on April 5, 2012, as undeliverable. (*See* Doc. No. 7). The Court has verified that the address on the envelope returned to the Court is the same address on file for Mr. Cruz-Varvel in this action.

The Court notes that the Order Granting Applicant Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed February 27, 2012, was also returned to the Court as undeliverable. (*See* Doc. No. 5).

Pursuant to D.C.COLO.LCivR 10.1M, Mr. Cruz-Varvel was obliged to notify the Court within five days of any address change. Applicant has failed to file anything with the Court since he initiated this action on February 1, 2012. Accordingly, it is

ORDERED that the Application and this action are dismissed without prejudice for the failure of Applicant, Joshua Gabriel Cruz-Varvel, to exhaust state court remedies, to prosecute this case, and to comply with the Local Rules of this Court. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Applicant has not made a substantial showing of the denial of a constitutional right.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962). If Mr. Cruz-Varvel files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied, with leave to file a motion in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of    May   , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court